UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| LEONARDO BUENTELLO | § | |
| | § | |
| | § | |
| V. | § | C.A. NO. 2:19-cv-102 |
| | § | |
| WAL-MART STORES, INC., | § | JURY DEMANDED |

### PLAINTIFFS FIRST AMENDED COMPLAINT

NOW COMES Plaintiff **LEONARDO BUENTELLO**, complaining of and about Defendant **WAL-MART STORES TEXAS, LLC. and WAL-MART STORES, INC.**, Plaintiff **LEONARDO BUENTELLO**, respectfully shows the Court the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2 of the Texas Rules of Civil Procedure. Plaintiff seeks monetary relief in an amount exceeding $200,000.00, however not to exceed $1,000,000.00.

### II. PARTIES AND SERVICE

2. Plaintiff **LEONARDO BUENTELLO**, is a resident of Eagle Pass, Maverick County, Texas.

3. Defendant **WAL-MART STORES TEXAS, LLC. and WAL-MART STORES, INC**., is a Corporation organized under the laws of the State of Delaware. Service of process on this Defendant may be effectuated by serving its registered agent at its registered office, which are identified as follows: CT Corporation System at 350 N St. Paul Street, Suite 2900, Dallas, Texas 75201-4234. Service of said Defendant as described above may be effectuated by mailing citation via certified mail return receipt requested.

## III. JURISDICTION AND VENUE

4.  The subject matter in controversy is in excess of the minimum jurisdictional limits of this Court.

5.  This Court has jurisdiction over Defendant because (a) Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant and (b) the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process. Plaintiff would show that Defendant had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendants.

6.  Venue in Maverick County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county as more specifically set forth in the allegations below, which are incorporated herein by reference.

## IV. FACTS

7.  At all relevant times, Defendant owned the building located at 496 South Bibb in Eagle Pass Texas. This building is commonly known as the "Wal-Mart Supercenter". Furthermore, at all relevant times, Defendants possessed, controlled, designed, developed, supervised, managed, maintained, and/or repaired the Wal-Mart Supercenter. Defendants were responsible for the training, supervision, management, and conduct of its employees working in the Wal-Mart Supercenter under the doctrine of *respondeat superior*.

8.  In addition, Defendant extended an open invitation to the public to enter the Wal-Mart Supercenter. On April 20, 2018, Plaintiff entered the Wal-Mart Supercenter to do some shopping.

Plaintiff was an invitee of Defendant and entered the Wal-Mart Supercenter with the Defendant's permission and knowledge and for their mutual benefit. While shopping at the Wal-Mart Supercenter, Plaintiff was sitting in the bench inside the Wal-Mart Supercenter when the bench broke and caused him to fall causing him injuries.

9.      Furthermore, Defendant's employees created a dangerous condition by not checking the bench. This was a dangerous condition at the time. Defendant's employee either created the dangerous condition or should have known that the dangerous condition existed. Moreover, Defendant's employees failed to warn Plaintiff of the dangers the bench posed.

10.     As a result of the incident, Plaintiff suffered severe injuries, which required medical care.

11.     Defendant and their employees had knowledge of, or in the exercise of ordinary care, should have had knowledge of the circumstances that created the dangerous condition. Defendant and their employees failed to rectify the dangerous condition, failed to maintain the area where the injury occurred in a safe condition, and failed to warn Plaintiff of the dangerous condition all of which, either singularly or collectively, caused the incident and resulting injuries. As a result of said conduct and incidents described herein, Plaintiff was caused serious, permanent, life-altering bodily injuries.

## V.  NEGLIGENCE CAUSE OF ACTION

12.     Plaintiff incorporates herein and reasserts for all purposes the pleadings and factual allegations of all previous and subsequent paragraphs. Furthermore, Plaintiff asserts claims to common law negligence against Defendant.

13.     At the time of said occurrence, Defendant engaged in a negligent activity by, among other things, disregarding the safety of Plaintiff. The Defendant failed to do what persons of ordinary

prudence in the same or similar circumstances would have done or, alternatively, did what persons of ordinary prudence in the same or similar circumstances would not have done.

14. Defendants owed Plaintiff a duty to use reasonable care in (a) the operation, supervision, management, and maintenance of the Wal-Mart Supercenter Premises; (b) the training, supervision, management, and conduct of the Defendant's employees; and (c) the warnings surrounding the dangerous conditions at the Wal-Mart Supercenter Premises. Defendant violated these duties. Defendant was negligent. The negligent acts and/or omissions specifically include, but are not limited to, the following:

   a. Negligently utilizing materials in the maintenance or repair of the Wal-Mart Supercenter Premises, which resulted in a condition that was defective and unreasonably dangerous.

   b. Negligently providing safety instructions, directions, or warnings, if any, regarding the dangerous condition presented at the Wal-Mart Supercenter Premises;

   c. Negligently failing to disclose problems and defects.

   d. Negligently failing to warn of all dangers associated with the Wal-Mart Supercenter Premises.

   e. Negligently failing to warn invitees of <u>known</u> dangers/defects regarding the Wal-Mart Supercenter Premises.

   f. Failed to maintain the Wal-Mart Supercenter Premises in a reasonably safe condition for the Plaintiff.

   g. Failed to provide reasonable means to protect Plaintiff.

   h. Failed to warn Plaintiff of any possible danger existing on the Wal-Mart Supercenter Premises created by its employees;

   i. Failed to provide proper procedures to keep the Wal-Mart Supercenter Premises reasonably safe when it knew or should have known of unreasonably dangerous conditions.

   j. Failed to reduce or eliminate the dangerous condition which Defendant knew or should have known existed on the Wal-Mart Supercenter Premises;

- k. Failed to follow or negligently followed company policies and procedures; internal policies and procedures; policies and procedures prescribed by applicable agreements; policies and procedures prescribed by applicable law; and/or policies and procedures prescribed by industry standards.

- l. Negligently hired, trained, developed, managed, and supervised the Defendant's employees.

- m. Failed to implement adequate safeguards to prevent the incident that resulted in Plaintiff's damages.

- n. Failed to conduct adequate inspections of the Wal-Mart Supercenter Premises to make timely discovery of dangerous conditions thereon.

15. These acts and/or omissions of negligence by the Defendant created an environment in which accidents and/or injuries to invitees and employees were likely and reasonably foreseeable to occur, and which in fact did occur in the course of the events hereinabove.

16. These acts and/or omissions of negligence by the Defendant were a proximate and/or a producing cause of the incident, injuries resulting therefrom, and damages sustained by the Plaintiff.

17. These acts and/or omissions of negligence by the Defendant were below accepted industry standards and guidelines. It was Defendant's duty to perform its work in accordance with accepted industry standards and in a good and workmanlike manner. Defendant breached the above and other duties owed to Plaintiff, and such breaches were a proximate and/or a producing cause of damages to Plaintiff. Accordingly, Plaintiff is entitled to be compensated for his losses sustained as a result of Defendant's negligent and wrongful acts and omissions.

18. Plaintiff seeks herein, as a result of Defendant's negligence, all of Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, pre-judgment interest, post-judgment interest, costs of court, expenses

of the litigation, and reasonable and necessary attorneys' fees through trial and all appeals in this matter, as allowed by law.

### **VI. PREMISES LIABILITY**

19. Plaintiff asserts that Defendant was negligent in maintaining the condition of the Wal-Mart Supercenter Premises and had actual or constructive notice (known or should have known) that the condition of the Wal-Mart Supercenter Premises created an unreasonable risk of harm and, specifically, that Defendant:

    a.    Failed to conduct adequate inspections of the Wal-Mart Supercenter Premises to make timely discovery of dangerous conditions thereon;

    b.    Failed to maintain the Wal-Mart Supercenter Premises in a reasonably safe condition for the Plaintiff;

    c.    Failed to provide reasonable means to protect Plaintiff;

    d.    Failed to warn Plaintiff of any possible danger existing on the Wal-Mart Supercenter Premises under the Defendant's control;

    e.    Failed to warn Plaintiff of the negligent premises in question;

    f.    Failed to provide proper procedures to keep the Wal-Mart Supercenter Premises reasonably safe when it knew or should have known of unreasonable dangerous conditions;

    g.    Failed to reduce or eliminate the dangerous condition which was known or should have been known to have existed on the Wal-Mart Supercenter Premises;

    h.    Failed to train its agents, servants and/or employees regarding proper procedures to keep the Wal-Mart Supercenter Premises reasonably safe when it knew or should have known of unreasonable dangerous conditions;

    i.    Failed to train its agents, servants and/or employees regarding the proper manner in which to inspect the Wal-Mart Supercenter Premises when it knew or should have known of unreasonably dangerous conditions; and

    j.    Failed to supervise its agents, servants and/or employees to ensure that the Wal-Mart Supercenter Premises was safe for invitees; and

20. Plaintiff would further show that the above and foregoing acts were separate and distinct acts of negligence and that they are a direct and proximate cause of the incident in question and the Plaintiff's resulting injuries, and that these acts and omissions, singularly, or in combination with such other acts and omissions, constituted negligence, which proximately caused the damages and injuries suffered by the Plaintiff and which are made the basis of this lawsuit.

21. Plaintiff seeks herein, as a result of Defendant's negligence, all of Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, pre-judgment interest, post-judgment interest, costs of court, expenses of the litigation, and reasonable and necessary attorneys' fees through trial and all appeals in this matter, as allowed by law.

## VII. RESPONDEAT SUPERIOR

22. At and during the time of the acts and/or omissions complained of herein, said acts and/or omissions of any employee of Defendant occurred within the scope of the general authority and for the accomplishment of the objectives for which such employee was employed.

23. Defendant is therefore liable to Plaintiff for the acts and/or omissions of any such employee complained of herein under the doctrine of respondeat superior.

## VIII. DAMAGES

24. As a proximate cause, producing cause, and/or cause of the Defendant's conduct, and all other allegations of acts/omissions herein, Plaintiff is entitled to recover actual damages, consequential damages, incidental damages, and compensatory damages, as allowed by law, which specifically include, but are not limited to, the following damages:

   a. Medical, hospital, pharmaceutical expenses in the past;

   b. Medical, hospital, pharmaceutical expenses that in all reasonable probability will be incurred in the future;

    c.    Physical pain and suffering in the past;

    d.    Physical pain and suffering that will in all reasonable probability be incurred in the future;

    e.    Physical impairment in the past;

    f.    Physical impairment which, in all reasonable probability, will be suffered in the future;

    h.    Loss of earning capacity that in all probability will be incurred in the future;

    i.    Loss of enjoyment of life in the past;

    j.    Loss of enjoyment of life that in all reasonable probability will be incurred in the future;

    k.    Mental anguish in the past;

    l.    Mental anguish that in all reasonable probability will be incurred in the future; and

## IX. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff hereby requests that Defendant be cited to appear and answer herein, and that on final trial hereof, Plaintiff have and recover the following:

    A.    Judgment against Defendant for a sum in excess of the minimum jurisdictional limits of the Court, with interest at the legal rate as prescribed by law;

    B.    Pre-judgment and post-judgment interest at the prevailing legal rate as provided by law and by statute;

    C.    Costs of suit; and

    D.    Such other and further relief, both general and special at law and in equity, to which Plaintiffs may show themselves justly entitled.

                Respectfully submitted,

                **GONZALEZ & ASSOCIATES, P.C.**
                269 N. Ceylon Street
                Eagle Pass, Texas  78852
                830/757-8323
                Fax: 830/757-8327


                By: /s/ *Hector Gonzalez*
                **HECTOR GONZALEZ**
                Federal ID No. 3030313
                State Bar No. 24071889
                hector@gonzalezandassociates.org

                ATTORNEYS FOR PLAINTIFFS


### **DEMAND FOR JURY**

NOW COMES**,** Plaintiff in the above entitled and numbered cause, respectfully request a trial by jury.


                /"s"/ *Hector Gonzalez*